UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 8:18-cr-80-T-02JSS

RASHID TURNER

### UNITED STATES' MEMORANDUM
### OF LAW REGARDING FORFEITURE

The United States of America submits the following memorandum regarding the procedure governing the forfeiture sought in this case.[1]

### MEMORANDUM OF LAW

The United States seeks an order of forfeiture against defendant Rashid Turner in the amount of approximately $141,580.28, and the forfeiture of a silver Browning Arms handgun, serial number 437351, with magazine.   The order of forfeiture represents the amount of proceeds the defendant obtained from the charged offenses, and the firearm is property that was involved or used in the offenses.

In the event that defendant Rashid Turner is convicted of any or all of Counts One, Two, Four, Six, Seven, Nine, and Ten of the Second Superseding Indictment, this memorandum outlines why, pursuant to Federal Rule of

---

[1]   This memorandum is being filed in conjunction with the United States' proposed special verdict form and forfeiture jury instructions.

Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of the order of forfeiture for the criminal proceeds obtained by the defendant.

In addition, the United States submits the procedure governing the forfeiture of a silver Browning Arms handgun, serial number 437351, with magazine, sought in this case, should the defendant request a jury determination on the forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5).

## I.   <u>Background</u>

Count One of the Second Superseding Indictment charges the defendant with conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a). Counts Two, Four, Six and Nine charge the defendant with aiding and abetting each other and other persons to commit robbery, in violation of 18 U.S.C. §§ 1951(a) and 2.   Count Three, Five, Eight and Eleven charge the defendant with using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.   Counts Seven and Ten charge the defendant with bank robbery by force and intimidation, in violation of 18 U.S.C. §§ 2113(a) and 2.

Should the defendant be convicted of any or all of Counts One, Two, Four, Six, Seven, Nine, and Ten, the United States will seek an order of

forfeiture in the amount of approximately $141,580.28, representing the

amount of proceeds the defendant obtained from the conspiracy to commit

robbery, charged in Count One, robbery offenses, charged in Counts Two,

Four, Six and Nine, and bank robbery by force and intimidation, charged in

Counts Seven and Ten.   The United States will also seek to forfeit a silver

Browning Arms handgun, serial number 437351, with magazine,[2] which was

involved or used in the offenses charged in Counts One through Eleven.

## II.   <u>Applicable Statutes</u>

In sentencing a person convicted of a conspiracy to commit robbery,

robbery offenses, and/or bank robbery by force and intimidation, the Court's

authority to enter an order of forfeiture against the defendant and to forfeit

specific property is found in 18 U.S.C. § 981(a)(1)(C), which provides that the

United States may civilly forfeit any property, real or personal, which

constitutes or is derived from proceeds of any "specified unlawful activity," as

defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense,

which includes any violation of section 2113 (bank robbery).   A "specified

unlawful activity" also includes any offense listed in section 1961(1), which, in

turn, includes any violation of section 1951 (robbery).

---

[2]   The Federal Bureau of Investigation advised that the ammunition listed in
the Second Superseding Indictment was actually a magazine with no
ammunition.

Further, in sentencing a person convicted of robbery, bank robbery by force and intimidation, and/or the offense of using, carrying, and brandishing a firearm in furtherance of a crime of violence, the Court's authority to enter an order forfeiting firearms involved in those offenses is found in 18 U.S.C. § 924(d), which provides for the forfeiture of "any firearm or ammunition involved in or used in any knowing violation" of section 924, or any other criminal law of the United States.   Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

### III.   Forfeiture Proceeding for Criminal Proceeds

When a defendant no longer has the actual dollars in criminal proceeds or property directly traceable to forfeitable proceeds in his possession, or the government cannot locate that property, the defendant's obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).   Federal Rule of Criminal Procedure 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

4

The Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money judgment." *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014). Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay." *Id.* (quoting Rule 32.2(b)(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment, the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added). The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States seeks an order of forfeiture for the criminal proceeds obtained by the defendant, the defendant is not entitled to a jury determination on the order of forfeiture for the amount of proceeds in this case.

IV.    **Forfeiture Proceeding for Specific Assets**

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion

that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").   The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5).   *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[3]

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture.   In order to have a jury determination on property subject to forfeiture, prior to the jury's commencement of deliberations regarding guilt, a party must request that the jury also make a forfeiture determination in the event that the jury delivers a guilty verdict.   Therefore, the United States requests that the Court ask the defendant, ***prior to the commencement of jury deliberations***, if not sooner, whether he will seek a forfeiture jury determination.   *See* Rule 32.2(b)(5)(A).   The United States will not request a jury determination.

---

[3]   When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

At any party's timely request, the jury may be charged to make a determination as to whether the United States has established the requisite nexus between the specific property it alleges is subject to forfeiture and the violation(s) charged in the count(s) of conviction.    *See* Rule 32.2(b)(5).

It is not necessary for the jury to determine the extent of the defendant's interest in the property, as that issue is decided in an ancillary proceeding, if necessary.   It is the duty of the jury solely to determine whether the United States has established the requisite nexus between the property alleged to be subject to forfeiture and the offense(s) for which the defendant was found guilty.

Because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence.   *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. 982(a)(1)).

Moreover, the post-*Libretti* changes to federal sentencing law do not impact forfeiture.   *See United States v. Booker,* 543 U.S. 220, 258 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly

valid").   This is so because, as the United States Court of Appeals for the

Second Circuit observed, *Booker* "prohibit[s] a judicial increase in punishment

beyond a previously specified range; in criminal forfeiture, there is no

previously specified range."   *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir.

2005) (holding that the Supreme Court's decisions in *Blakely* and *Booker* did not

change the preponderance standard established in *Libretti*).   The United States

Court of Appeals for the Eleventh Circuit has held that the preponderance

standard applies to forfeiture proceedings and that forfeiture proceedings are

outside the *Apprendi* analysis.   *United States v. Cabeza*, 258 F.3d 1256, 1257

(11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an

element of the offense, it does not fall within the reach of *Apprendi*.").

Even where the jury right is invoked with regard to forfeiture of property,

ultimately it is the Court that orders the forfeiture.   Thus, if a defendant seeks a

jury determination on the specific property to be forfeited, the jury would be

required to answer questions that would allow the Court to enter the order of

forfeiture.   *See United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert.*

*denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury

determined forfeitability; jury answered questions whether property acquired

through criminal enterprise but trial court entered order of forfeiture); *United*

*States v. L'Hoste*, 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980)

(forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Because the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury should not be advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence.   Here, the portion of the Second Superseding Indictment entitled "Forfeiture" merely provides the defendant with the required statutory notice that the United States seeks to forfeit his property in accordance with the applicable statute.   *See* Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes*.   For the reasons stated above, the portion of the Second Superseding Indictment entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury, until after the issue of innocence or guilt is decided.   Hence, bifurcated proceedings are required. Fed. R. Crim. P. 32.2(b)(1).

Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B).

9

Should the defendant request a jury determination on the forfeiture of the firearm, the United States asks that, in the second part of the jury's bifurcated deliberation, the Court issue its proposed jury instructions and special verdict form, which provide interrogatories that will require the jury to determine the essential factual issues necessary for the Court to enter a forfeiture order.

## V.   Conclusion

Should the defendant request a jury determination on the amount of the order of forfeiture for criminal proceeds, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request, because there is no right to a jury determination of the amount of an order of forfeiture for proceeds.

Should the defendant timely request a jury determination on the forfeiture of the specific assets, pursuant to Rule 32.2(b)(5), the United States requests that the Court:

(1)   instruct the jury on the issue of forfeiture only *after* the jury has returned a guilty verdict on any or all of Counts One through Eleven of the Second Superseding Indictment;

(2)   allow jury instructions regarding property subject to forfeiture and burden of proof;

(3)   allow bifurcated argument on the forfeiture issue; and

(4)    provide the jury with the special verdict form as proposed by the United States.

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:    *s/ Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
Fla. Bar No. 59377
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Tel:      (813) 274 6000
E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/ Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney