UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 8:18-CR-80–T–02JSS

RASHID TURNER
_____

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OBTAINED UNDER THE STORED COMMUNICATIONS ACT
IN VIOLATION OF THE FOURTH AMENDMENT**

Pursuant to the Fourth Amendment of the United States Constitution and Rules 12(b)(3)(1) and 12(b)(3)(C) of the Federal Rules of Criminal Procedure, the Defendant, Rashid Turner ("Turner"), moves to suppress evidence which the Government obtained without a search warrant supported by probable cause. The Government obtained such evidence under the Stored Communications Act ("SCA"), 18 U.S.C. §2703.

Turner relies primarily on *Carpenter v. United States*, 138 S.Ct. 2206 (2018). The Supreme Court held in *Carpenter* that law enforcement conducts a Fourth Amendment search when it obtains cell phone records containing a suspect's cell site location information ("CSLI"). *Carpenter* was decided on June 22, 2018.

*Carpenter* also holds that a CSLI search must be authorized by a judicial search warrant supported by probable cause. The search in *Carpenter*, like the search in the present case, was not authorized by a search warrant supported by probable cause.

The *Carpenter* search, again like the search in the present case, was based on an order pursuant to the Stored Communications Act ("SCA"). The SCA permits such orders to be issued on the basis of reasonable grounds for believing that the records were relevant and material to an ongoing investigation. The SCA standard is far less demanding than the probable cause standard required for a search warrant under the Fourth Amendment.

The Supreme Court held that the search in *Carpenter* was not supported by probable cause and thus violated the Fourth Amendment. The same holds true in the present case --- the order authorizing the search of Turner's CSLI was not supported by probable cause and therefore violated the Fourth Amendment.

Turner is well aware that the Eleventh Circuit held in the post-*Carpenter* decision of *United States v. Joyner*, 899 F.3d 1199 (11th Cir. 2018), that a search conducted in conformity with the reasonable grounds standard of the SCA will be salvaged if the officers acted in good faith under *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984). Turner contends that *Leon* does not apply in the present case.

Turner represents the following in support of his Motion to Suppress:

1. The Grand Jury has indicted Petrie Addison, Zachary Gloster, and Turner on January 31, 2019 in an eleven-count Second Superseding Indictment (hereinafter "Indictment") charging violations of the Hobbs Act, 18 U.S.C. §1951; the Bank Robbery Act, 18 U.S.C. §2113; brandishing a firearm during a crime of violence, 18 U.S.C. §924(c); and conspiracy, 18 U.S.C. §371.

2. Co-defendants Addison and Gloster have pleaded guilty pursuant to plea agreements with the Government, and Turner now is the only defendant who will be going to trial.

3. Trial is set to begin on May 20, 2019.

4. The Fourth Amendment of the Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

5. The present motion is authorized by Fed. Rule Crim. Pro. 12(b)(1) and 12(b)(3)(C). Rule 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12(b)(3)(C) provides that "the following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then

reasonably available and the motion can be determined without a trial on the merits … (C) suppression of evidence …"

6. Turner anticipates that one or more Government witnesses will testify that the CSLI embodied in Turner's cell phone records demonstrate that he was in the vicinity of the robberies alleged in the Indictment.

7. The cell phone records were obtained on the basis of an Order issued by a United States magistrate. The Order states in relevant part that the Government had requested such records pursuant to 18 U.S.C. §2703(c)(1)(B) and 2703(d). The Order also states that "[t]he Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation."

8. The Order does not mention probable cause.

9. The magistrate signed the Order on March 9, 2018.

10. The Government's application for the Order is undated. However, at least one statement in the application reveals that it was submitted to the Court on or after February 16, 2018. See page 9 of Application, paragraph 30.

11. The Government's application mentions "probable cause" in at least two instances. See page 22 of Application, paragraphs 42 and 44. As mentioned,

probable cause is not mentioned in the Order authorizing the Government to obtain the CSLI.

12. The Order accompanies this Motion as Exhibit A. The Government's Application accompanies this Motion as Exhibit B.

13. As mentioned at the outset of this Motion, the Supreme Court held in *Carpenter* that the acquisition of CSLI is a Fourth Amendment search. "Given the unique nature of cell phone location information, the fact that the Government obtained the information from a third party does not overcome Carpenter's claim to Fourth Amendment protection. The Government's acquisition of the cell-site records was a search within the meaning of the Fourth Amendment." See *Carpenter*, 138 S.Ct. at 2220.

14. The Supreme Court stated that the Government was required to obtain a warrant based on probable cause. An order based on the SCA's reasonable grounds standard was insufficient.

15. The Supreme Court stated, "Having found that the acquisition of Carpenter's CSLI was a search, we also conclude that the Government must generally obtain a warrant supported by probable cause before acquiring such records. Although the 'ultimate measure of the constitutionality of a governmental search is 'reasonableness,' our cases establish that warrantless searches are typically unreasonable where 'a search is undertaken by law enforcement officials to discover

evidence of criminal wrongdoing. [citation omitted]. Thus, '[i]n the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement.' [citation omitted]" See *Carpenter*, 138 S.Ct. at 2221.

16. The Supreme Court then turned its attention to the Constitutional shortcomings of the SCA: "The Government acquired the cell-site records pursuant to a court order issued under the Stored Communications Act, which required the Government to show 'reasonable grounds' for believing that the records were 'relevant and material to an ongoing investigation.' 18 U.S.C.§ 2703(d). The Court usually requires 'some quantum of individualized suspicion' before a search or seizure may take place. [citation omitted]. Under the standard in the Stored Communications Act, however, law enforcement need only show that the cell-site evidence might be pertinent to an ongoing investigation --- a 'gigantic' departure from the probable cause rule, as the Government explained below. App. 34. <u>Consequently, an order issued under Section 2703(d) of the Act is not a permissible mechanism for accessing historical cell-site records. Before compelling a wireless carrier to turn over a subscriber's CSLI, the Government's obligation is a familiar one --- get a warrant.</u>" See *Carpenter*, 138 S.Ct. at 2221 (underscoring added).

17. Having failed to get a warrant in the present case, the Government acquired Turner's cell phone records in violation of the Fourth Amendment.

18.  As Turner stated earlier, the Eleventh Circuit held in *Joyner* that *Leon*'s good faith exception to the exclusionary rule overrode a *Carpenter* claim where the SCA order was obtained before *Carpenter* was decided.  In this respect, the Eleventh Circuit stated, "[The appellants] have instead relied on their assertion of a warrant requirement and their hope that *Carpenter* would come down in their favor, but the fact that the *Carpenter* Court agreed with their Fourth Amendment theory does not affect the applicability of the *Leon* good faith exception in this case. See, e.g., *United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) (post-Carpenter case noting that '[w]hile *Carpenter* is obviously controlling going forward, it can have no effect on' cases where law enforcement acted in '[o]bjectively reasonable good faith,' which 'includes "searches conducted in reasonable reliance on subsequently invalidated statutes"' (quoting *Davis v. United States*, 564 U.S. 229, 239, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011)).  Here, the Government complied with the requirements of the SCA in obtaining the orders to compel cell site records, and when they did so in June 2015, that warrantless procedure was, under this Court's precedent, within the bounds of the Fourth Amendment.  Thus here, as in [*United States v. Davis*, 785 F.3d 498 (11th Cir. 2015)(en banc)] under the *Leon* exception to the warrant requirement, the district court's denial of the motions to suppress is not reversible error."  See *Joyner*, 899 F.3d at 1205.

19. Turner respectfully submits that the present case is distinguishable from *Joyner*. In *Joyner*, the SCA order was entered in 2015, well before the Supreme Court decided *Carpenter*.

20. In contrast, *Carpenter* already had been argued before the Supreme Court on November 29, 2017, just a few months before the Government filed its Application in the present case in late February or early March of 2018.

21. It is reasonable to believe that law enforcement officials in general were well aware of *Carpenter* during the time that it was pending before the Supreme Court. Applying *Carpenter* to the present case will not be in conflict with *Leon*. Moreover, to the extent this Court needs to assess Leon factors of good faith, a hearing should be held to make a clear determination of this and the related issues in this motion. Furthermore, because it may be necessary to a fair determination of the merits of this motion, Turner requests the Court conduct an *in camera* inspection of the government's evidence.

22. Accordingly, the evidence obtained as a result of the Government's Application and the Magistrate's Order should be suppressed and declared to be inadmissible at the trial of this case.

WHEREFORE, the Defendant, Rashid Turner, respectfully requests that the United States District Court for the Middle District of Florida grant the present

Motion and exclude from the trial of this case all evidence obtained under the Stored Communications Act, 18 U.S.C. §2073.

**MICHAEL P. MADDUX, P.A.**

_s/Michael P. Maddux_
Michael P. Maddux, Esquire
Florida Bar Number: 964212
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: mmaddux@madduxattorneys.com

## CERTIFICATE OF CONFERRAL

Counsel for the Defendant did confer with the Government, and the Government does oppose the motion and relief requested herein.

Respectfully Submitted,

_s/Michael P. Maddux_
Michael P. Maddux, Esquire
Florida Bar No.: 0964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 33606
Attorney for Defendant
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: mmaddux@madduxattorneys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May, 2019, the foregoing Motion was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Michael Gordon
Assistant United States Attorney

Charles Britt, Esquire
Attorney for Zachary Gloster

Paul A. Downing, Esquire
Attorney for Petrie Addison

**MICHAEL P. MADDUX, P.A.**

s/Michael P. Maddux
Michael P. Maddux, Esquire