UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:18-cr-80-T-02JSS

RASHID TURNER,

   Defendant.
_____/

# ORDER

This matter comes to the Court on Defendant Turner's Motion to Suppress Evidence Obtained Under the Stored Communications Act in Violation of the Fourth Amendment. Dkt. 164. The United States responded in opposition. Dkt. 174. The Court DENIES the motion.

## BACKGROUND

This case concerns an investigation into an alleged string of robberies of banks and dollar stores. During the investigation, the government seized two cellphones allegedly associated with Defendant. Dkt. 174 at 3. According to the government, the first belonged to Defendant during the three initial robberies, between August 27, 2017 and November 18, 2017, and the second during the fourth and fifth robberies between December 4, 2018 and December 28, 2018. Dkt. 174 at 3-4. Both phones used the same telephone number.

Law enforcement obtained that phone number's records, including cell site location information (CSLI). CSLI for November 18, 2017 through March 10, 2018 was obtained through a state court-issued warrant based on probable cause. Dkt. 183-1. CSLI for August 25-30, 2017, October 26-31, 2017, and November 16-18, 2017 was obtained without a formal search warrant on "reasonable grounds to believe that the records . . . are relevant and material to an ongoing criminal investigation" pursuant to the Stored Communications Act (SCA), 18 U.S.C. § 2703(d). Dkt. 174 at 4-5; Dkt. 183-3. This latter set of data was obtained by an SCA order, not a formal warrant on probable cause. Defendant argues that *Carpenter v. United States*, 138 S. Ct. 2206 (2018) commands suppression of the CSLI obtained without a search warrant supported by probable cause.[1]

## DISCUSSION

*Carpenter*, which was decided on June 22, 2018, held that "[t]he Government's acquisition of the cell-site records was a search within the meaning of the Fourth Amendment," and that "the Government must generally obtain a warrant supported by probable cause before acquiring such records." 138 S. Ct. at 2220-21. This effectively overruled the Eleventh Circuit's prior holding that a § 2703(d) SCA order for a cellular provider's records "comports with applicable Fourth Amendment principles and is not

---

[1] To the extent Defendant argues for suppression of the CSLI obtained via the state search warrant, that motion is denied. The warrant, which was supported by probable cause, does not implicate *Carpenter*. The government also argues that Defendant's motion to suppress is untimely, but the Court need not reach this point to resolve the matter.

constitutionally unreasonable." *United States v. Davis*, 785 F.3d 498, 518 (11th Cir. 2015) (internal quotation marks omitted).

In this case, the SCA order for the CSLI was issued by Magistrate Judge Porcelli on March 9, 2018, which, according to the government, was the same day as the application. Dkt. 174 at 4. Among others, the Eleventh Circuit has held that compliance with the SCA in obtaining an order to compel CSLI that predates *Carpenter* triggers the good faith exception to the warrant requirement. *United States v. Joyner*, 899 F.3d 1199, 1204 (11th Cir. 2018) (citing *United States v. Leon*, 468 U.S. 897 (1984)).

Defendant nonetheless argues that, unlike in *Joyner*, "[i]t is reasonable to believe that law enforcement officials in general were well aware of *Carpenter*." Dkt. 164 at 8. But even if the government were closely following the case, which was argued on November 29, 2017, at the time of the application *Davis* was still good law. Defendant cites no authority for the proposition that, in the context of the *Leon* good faith exception, temporal proximity to a potential change in the controlling law is significant. Rather, as in *Joyner*, the government acted in good faith in obtaining CSLI through an SCA order supported by less than probable cause. No hearing is necessary, and suppression is unwarranted.

## CONCLUSION

Defendant Turner's Motion to Suppress Evidence Obtained Under the Stored Communications Act in Violation of the Fourth Amendment is denied. Dkt. 164.

**DONE AND ORDERED** at Tampa, Florida, on May 14, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
All counsel of record