# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:18-cr-80-T-02JSS

RASHID TURNER,

    Defendant.
_____/

# ORDER

This matter comes to the Court on Defendant Turner's postconviction Motion to Strike the Verdicts on Counts Five, Eight, and Eleven of the Second Superseding Indictment. Dkt. 223. Defendant relies on the Supreme Court's recent holding in *United States v. Davis*, 139 S. Ct. 2319 (2019)—decided after Defendant's conviction on May 29, 2019—that struck 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. That subsection defined "crime of violence" for purposes of triggering § 924(c)(1)(A)'s mandatory minimum sentences as a felony involving a substantial risk that physical force could be used against a person or property of another. The United States of America has responded in opposition. Dkt. 224.

Assuming that Defendant's challenge is not procedurally defective, although the jury did determine that Defendant's conduct satisfied § 924(c)(3)(B), Dkt. 216, Defendant sets forth no authority suggesting that the mere presentation of this question to

the jury is grounds to strike a verdict. There is, moreover, a second basis for the application of § 924(c)(1)(A). Section 924(c)(3)(A), which was unaffected by *Davis*, alternatively defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

The Eleventh Circuit has found that Hobbs Act robbery, of which Defendant was adjudicated guilty in the relevant counts, "independently qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause." *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018). In making this determination, the court assumed that *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S. Ct. 2551 (2015) had, even before *Davis*, invalidated subsection (B) as unconstitutionally vague. *St. Hubert*, 909 F.3d at 345 (citations omitted); *see also United States v. Petit-Frere*, 767 F. App'x 826, 829 (11th Cir. 2019). Striking the jury's verdict on Counts Five, Eight, and Eleven is unwarranted.

The Court DENIES Defendant's motion.

**DONE AND ORDERED** at Tampa, Florida, on July 16, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of record